UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
PATRICIA KELLY,                        :
                                       :
                    Plaintiff,         :        15cv6309 (DLC)
                                       :
      -v-                              :        OPINION AND ORDER
                                       :
STARWOOD HOTELS & RESORTS WORLDWIDE,   :
INC.,                                  :
                                       :
                    Defendant.         :
-------------------------------------- X

APPEARANCES:

For the plaintiff:
David Samuel Schwartz
Nicole Ann Welch
Dorina Cela
Alex Umansky
Phillips & Associates, Attorneys at Law, PLLC
45 Broadway, Suite 620
New York, NY 10006

For the defendants:
Steven Marc Stimell
Jay P. Warren
Katherine Lee Porter
Bryan Cave LLP
1290 Avenue of the Americas
New York, NY 10104

DENISE COTE, District Judge:

    Patricia Kelly ("Kelly") has brought this action against

her employer, Starwood Hotels & Resorts Worldwide, Inc.

("Starwood"), alleging violations of the Americans with

Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, and the New

York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code tit. 8.

Starwood has moved for summary judgment.  For the reasons set forth below, the motion is granted.

## Background

The following facts are undisputed or taken in the light most favorable to the plaintiff.  Since 2005, Starwood has employed Kelly at the Westin New York at Times Square.  In 2008, Starwood assigned Kelly to be a Service Express Agent (an "Agent"), a position she has held ever since.  Agents at the Westin answer calls from hotel guests and facilitate guest services such as wake-up calls, room service, and valets.

The Agent position is staffed 24 hours per day across three shifts: morning, afternoon, and overnight.  Pursuant to a collective bargaining agreement, Agents' shifts are determined by seniority.  When Kelly first became an Agent in 2008, as the least senior in the department, she spent three years assigned to the overnight shift.  In 2011, Kelly's seniority enabled her to switch to the afternoon shift.  Nevertheless, staffing needs and availability occasionally required that Kelly be assigned overnight shifts.

In December 2014, Kelly provided Starwood with a doctor's note diagnosing her with hypertension, hyperthyroidism, osteoarthritis, chronic elbow pain, and cardiac arrhythmia. Kelly's doctor recommended that Kelly avoid working long hours and night shifts in order to mitigate the symptoms of these

conditions.  Kelly requested that Starwood accommodate her by
not assigning her to work double or overnight shifts.  In early
2015, Starwood twice asked Kelly's doctor for additional
information.  The doctor informed Starwood that Kelly should not
be scheduled to work longer than seven hours per day nor on
shifts beginning later than 8:00 p.m.

On February 18, 2015, Starwood informed Kelly in writing
that it was denying her requested accommodations because doing
so would violate the seniority system imposed by the collective
bargaining agreement.  Starwood did offer Kelly the option,
however, of using leave pursuant to the Family and Medical Leave
Act of 1993 ("FMLA") whenever she was scheduled to work an
overnight shift.

One year later, on February 19, 2016, Starwood provided an
additional letter describing the accommodations it would be
making for Kelly.  First, Starwood committed not to require
Kelly to work double shifts.  Second, on the occasions when
Kelly is scheduled to work an overnight shift, Starwood would
post a sign-up sheet where other employees could volunteer to
switch shifts with Kelly.  Finally, when Kelly is unable to
switch out of an overnight shift, Starwood would permit her to
use paid time off or FMLA leave, with the assurance that she
would not be disciplined for doing so.  In March 2016, Starwood

informed Kelly that she would also be permitted to use any available sick leave for overnight shifts.

Since Kelly first requested an accommodation in 2014, Starwood has not assigned her to any double shifts. As for overnight shifts, in 2015 for example, Starwood assigned Kelly to 13 such shifts. On three of those occasions, Kelly was able to switch shifts with a coworker. For the remaining overnight shifts, Kelly used a personal day, sick leave, or FMLA leave. In sum, Kelly has worked neither a double nor an overnight shift since requesting an accommodation.

Kelly commenced this action before the Honorable Analisa Torres on August 11, 2015. She brings claims against Starwood for failure to provide a reasonable accommodation. Following the close of fact discovery, Starwood moved for summary judgment on April 15, 2016. On November 22, the case was reassigned to this Court.

## Discussion

Summary judgment may not be granted unless all of the submissions taken together "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Smith v. County of Suffolk, 776 F.3d 114, 121 (2d Cir.

2015) (per curiam) (citation omitted).  The moving party bears
the burden of demonstrating the absence of a material factual
question, and in making this determination, the court must view
all facts in the light most favorable to the non-moving party.
Eastman Kodak Co. v. Image Tech. Servs., Inc., 504 U.S. 451, 456
(1992); Gemmink v. Jay Peak Inc., 807 F.3d. 46, 48 (2d Cir.
2015), cert. denied, 136 S. Ct. 1684 (2016) (mem.).  If the
moving party makes this initial showing, the burden then shifts
to the opposing party to establish a genuine dispute of material
fact.  El-Nahal v. Yassky, 835 F.3d 248, 252, 256 (2d Cir.
2016).

     The party opposing summary judgment "may not merely rest on
the allegations or denials of his pleading; rather his response,
by affidavits or otherwise as provided in the Rule, must set
forth specific facts demonstrating that there is a genuine issue
for trial."  Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009)
(citation omitted); accord Celotex Corp. v. Catrett, 477 U.S.
317, 322–23 (1986).  "Conclusory statements, conjecture, and
speculation are insufficient to create a genuine factual
dispute," Major League Baseball Props., Inc. v. Salvino, Inc.,
542 F.3d 290, 319 (2d Cir. 2008), as is "mere speculation or
conjecture as to the true nature of the facts."  Hicks v.
Baines, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted).
Only disputes over material facts -- "facts that might affect

the outcome of the suit under the governing law" -- will properly preclude the entry of summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Kelly alleges that Starwood has failed to provide her with reasonable accommodations for her disabilities in violation of the ADA and NYCHRL.[1]  The ADA requires that employers "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability."  42 U.S.C. § 12112(b)(5)(A).  A reasonable accommodation "enable[s] an individual . . . to perform the essential functions of that position . . . [or] to enjoy equal benefits and privileges of employment."  29 C.F.R. § 1630.2(o)(1).  The NYCHRL similarly mandates that employers "make reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or to enjoy the right or rights in question."  N.Y.C. Admin. Code § 8-107(15)(a).

Where an employer has allegedly declined to offer a reasonable accommodation to a qualified employee, courts apply the burdenshifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1972).  See McBride v. BIC Consumer Prods. Mfg. Co., 583 F.3d 92, 96-97 (2d Cir. 2009).

---

[1] The parties have assumed that Kelly is disabled within the meaning of the ADA and NYCHRL.

But, where "the employer has already taken (or offered) measures
to accommodate the disability, the employer is entitled to
summary judgment if, on the undisputed record, the existing
accommodation is plainly reasonable.  In other words, the plain
reasonableness of the existing accommodation ends the analysis."
Noll v. Int'l Bus. Machs. Corp., 787 F.3d 89, 94 (2d Cir. 2015)
(citation omitted).

The accommodations offered by Starwood -- not assigning
Kelly to double shifts and affording her opportunities to avoid
working overnight shifts -- are plainly reasonable.  Kelly
identifies no essential functions nor any benefits or privileges
of employment from which she is excluded.[2]  Although Starwood's
accommodations result in Kelly's ineligibility for overtime,
Kelly has conceded that given her condition, she would not take
overtime even if offered.

Nor does the fact that Kelly has avoided overnight work by
taking leave on a few occasions indicate that the accommodations
offered to her are unreasonable.  While an employee's demand to
take unpaid leave as an accommodation for a disability may
present troublesome questions, see Graves v. Finch Pruyn & Co.,
457 F.3d 181, 185 n.5 (2d Cir. 2006), as offered here by Kelly's

---

[2] Although Starwood maintains that the ability to work overnight
shifts is one such essential function, Kelly disagrees, noting
that under the present accommodations she "has still been able
to perform all of the job duties" of an Agent.

7

employer it was a plainly reasonable accommodation.  29 C.F.R. pt. 1630 app. (suggesting, in EEOC interpretive guidance, leave as a reasonable accommodation); Hankins v. The Gap, Inc., 84 F.3d 797, 801-02 (7th Cir. 1996) (finding leave to be a plainly reasonable accommodation for an employee with recurring migraines).

Kelly contends that Starwood should be required to offer one of two additional accommodations: (1) to refrain from assigning Kelly to any overnight shifts or (2) to offer overtime pay to other Agents to give them an additional incentive to take Kelly's assigned overnight shifts.  Having offered a plainly reasonable set of accommodations to Kelly, Starwood is not required to do more.  See Noll, 787 F.3d at 94.

Although the NYCHRL is to "be construed liberally for the accomplishment of [its] uniquely broad and remedial purposes," N.Y.C. Admin. Code § 8-130(a), Kelly's NYCHRL claims must fail for the reasons just discussed.  Under the NYCHRL, Starwood is not required to provide Kelly "with the specific accommodation she preferred" but rather with any "reasonable accommodation." Porter v. City of New York, 6 N.Y.S.3d 483, 483-84 (1st Dep't 2015).  Starwood's accommodations do just that, allowing Kelly to "satisfy the essential requisites of a job" and "to enjoy the right or rights" associated with the position.  N.Y.C. Admin.

Code § 8-107(15)(a).[3]

## Conclusion

Starwood's April 15, 2016 motion for summary judgment is granted.  The Clerk of Court is directed to enter judgment for the defendant and close the case.

SO ORDERED.

Dated:  New York, New York
        March 24, 2017

_____
DENISE COTE
United States District Judge

---

[3] Kelly appears to assert an independent claim based on Starwood's alleged failure to participate in the interactive process required by the ADA and NYCHRL.  Although such a failure, if demonstrated, may be important evidence in the McDonnell Douglas burdenshifting analysis, it does not give rise to a separately actionable claim under either statute.  Jia Sheng v. M&TBank Corp., 848 F.3d 78, 86-87 (2d Cir. 2017) (ADA); Jacobsen v. N.Y.C. Health & Hosps. Corp., 11 N.E.3d 159, 169 (N.Y. 2014) (NYCHRL).